The opinion of the court was delivered by
Watkins, J.
Relators seek by mandamus to compel the respondents to entertain jurisdiction of a certain cause depending in their court, in which they are defendants and appellants, bearing the title, The Martin Lumber Company, Limited, vs. A. R. Thompson, Sheriff, et als., involving the ownership of property which had been seized under execution.
The relief sought by certiorari is ancillary to that by mandamus, and was accomplished when the record of that suit was brought up to this court.
It may be observed, preliminarily, that the suit aforesaid was appealed from the District Court to that of the respondents; and that they, in the exercise of the power vested in them by law, entertained a motion by the plaintiff and appellee to dismiss the appeal, *1085 and, upon due consideration o£ same, dismissed it — said motion being grounded upon the want of appellate jurisdiction in the Circuit Court, because the amount involved exceeded two thousand dollars.
Hence, the exercise of the supervisory jurisdiction of this court by mandamus necessarily involves an examination of the judicial proceedings and judgment of the District Court, as well as of those of the court of. the respondents.
The record shows that in the first instance Sheriff Thompson, holding two writs of fi. fa. against The Martin Lumber Company, running in favor of the Mutual National Bank and Witherspoon as judgment creditors, seized about seventy-five thousand feet of lumber valued at about seventeen hundred dollars; and that said seizure was enjoined by the Martin Lumber Company, Limited, alleging itself to be a third person entirely distinct from the seized debtor, The Martin Lumber Company, and that it was the owner of the property seized —claiming about twenty-three hundred dollars damages.
That, on the trial in the District Court, the plaintiff administered proof of its ownership of the property seized; but the defendants! counsel urged objection to proof being administered of its demand for damages, on the ground that the allegations of the petition were too vague and general to admit of same, and this objection having been sustained by the judge, and all evidences thereof rejected, plaintiffs’ counsel retained a bill of exceptions to his ruling.
That, thereupon, the District Judge pronounced judgment in favor of plaintiff in respect to its claim of ownership of the property seized, and to that extent perpetuated its injunction; but with respect to its claim for damages he entered a non-suit, coupled with a full reservation of its right to demand same in some other proceeding.
From that judgment the defendants prosecuted an appeal to the respondents’court; and that appeal was by the respondents dismissed on the motion of the plaintiff and appellee.
It is of the action of the respondents in sustaining that motion and in dismissing their appeal that the relators complain, and, by our writ of mandamus, seek redress; their insistence being that their court possessed jurisdiction, and that they should be constrained to take cognizance of the appeal, and try and decide the issues on their merits.
*1086 The position assumed by the counsel for the relator is that the plaintiff and appellee had acquiesced in the judgment appealed from (1) by failing to appeal therefrom, and (2) by failing to answer the appeal; whilst, on the other hand, that assumed by the respondents is that the plaintiff was at liberty to avail itself of the defendants’ appeal, for the purpose of either demanding an increase of the amount of the judgment appealed from, or of moving to dismiss the appeal, without being deemed to have acquiesced in the same.
Prom the foregoing statement we may make the following synopsis of the case as it stood in the respondents’ court, viz.:
The suit and judgment entitled The Martin Lumber Company, Limited, vs. A. R. Thompson, Sheriff, et als., was appealed to the respondents’ court by the defendants, and therein the plaintiff and appellee filed a motion to dismiss the appeal on the ground that the amount involved in the suit was in excess of two thousand dollars, and beyond the jurisdiction of the court, and, entertaining that opinion, the respondent judges dismissed the appeal.
That, in so deciding, they entertained the opinion that the plaintiff and appellee having retaiued a bill of exceptions to the ruling of the District Judge in excluding all its evidence in support of its demand for, damages, it had the right to be heard on that question in the proper appellate court, and to have the appellate tribunal pass upon such ruling; and that, believing that the respondents’ court was not constitutionally endowed with jurisdictiou of a suit wherein claim had been made for property alleged to be worth- seventeen hundred dollars, and for damages aggregating twenty-three hundred dollars for its wrongful seizure, they decided plaintiff had no other alternative than to file a motion to dismiss the appeal, and by this means compel the defendants to take the cause to an appellate court vested with jurisdiction, and in which an answer could be filed and the ruling of the District Court corrected if found erroneous.
That, upon that hypothesis, the respondents held that had the plaintiff and appellee filed an. answer to the appeal, and assigned as error of the District Judge his ruling and rejection of its evidence in support of its demand for damages of twenty-three hundred dollars, same would have presented an issue which they had no jurisdiction to determine; and had the plaintiff and appellee pursued that course it would have been an abandonment of its right to file a motion to dismiss, and a deprivation of its right to recourse to another tribunal.
*1087 The foregoing is the substance and purport of the return of our learned brothers of the Circuit Court; and, in our opinion, the view they entertained is correct and in conformity with the jurisprudence and practice of this court.
It must be observed that it is nowhere suggested in the record that the plaintiffs’ demand for damages for a wrongful seizure was fictitious and inflated for the purpose of conferring, ultimately, appellate jurisdiction on this court; on the contrary, it shows that plaintiff sought to introduce proof of this demand on the trial, and was met with the objection that its allegations were too vague and general to admit of its introduction. It was that objection that the court sustained. It must, therefore, be considered and treated as a serious demand, and, consequently, a jurisdictional one.
Under this view of the question it seems quite clear to our minds that relators have not stated a case entitling them to relief.
The record as well as the return shows that the respondent judges acted considerately, advisedly and within the scope of their power in entertaining and deciding the motion to dismiss the appeal. Indeed, that after having examined and decided the motion and dismissed the appeal, they granted a rehearing thereof, and upon second consideration they adhered to their previous ruling — having prepared and filed a written opinion in extenso upon each hearing.
In State ex rel. Liggins vs. The Judges of the First Circuit Court of Appeals, 47 An. 1516, identically the same question was decided as the one here presented; and we held, upon the authority of several adjudged cases therein collated, that this court could not in the exercise of its supervisory jurisdiction coerce the Circuit Court of Appeals by mandamus, to reinstate a case it had dismissed for want of appellate jurisdiction, and try and decide the case on its merits.
In State ex rel. Beaucoudray vs. Judges, 41 An. 1013, this court held that “ the judges of the Court of Appeals having exercised a legal discretion, can not be compelled by mandamus to try the case differently from what they have.” State ex rel. Board of Administrators vs. Judge, 39 An. 665; State ex rel. Berthoud vs. Judge, 34 An. 782; State ex rel. Cupples vs. Judges, 34 An. 1016; State ex rel Insurance Co. vs. Judges, 36 An. 316; State ex rel. Duperier vs. Judges, 35 An. 736; State ex rel. Halphen vs. Judges, 38 An. 97; State ex rel. Goodwin vs. Judges, 38 An. 270.
For the foregoing reasons the relators are not entitled to relief.
*1088 It is therefore ordered and decreed that the preliminary order granting provisional writs of mandamus and certiorari be set aside; and it is further ordered and decreed that relator’s demands be rejected at their cost.